This time, we'll hear United States v. Watkins. You should give the court a minute to empty. I wonder what the billing rate is per hour. Thank you. Rosemary. I said give the court a minute to empty. The attorney's fees were probably $10,000 to $20,000. I think that's a sharp underestimate. I mean, for some of them, it's $800,000 an hour. Oh, you're right. And they've been here for quite a while. This case that we're hearing goes right on the queue. This case that we're about to hear, it could be a queue case. Yes. I thought you were going to have a full house. I'm afraid you are losing your audience while you sit here. This is a sad indication that they weren't here for you or for us. I'm surprised. Let's just wait. I would have stayed. Okay. Thank you. Still a hubbub, so we might as well just wait until the room is clear and the only spectators left are the ones who want to listen to you. Okay. I think you can begin. May it please the court, my name is Julia Pamela Hite and I represent the appellant, Emery Watkins. We know that today there is a serious circuit split in determining how the Supreme Court decision of Damiah should be applied in order to win the case. To avoid constitutional pitfalls. Three circuits, including this circuit, advocate the application of the actual conduct rule of the underlying crime to assess whether it is a crime of violence. Three circuits have adhered to the categorical approach, which is we look just at the crime of conviction to determine whether there is a crime of violence. That categorical approach has, in effect, been declared constitutionally infirm by Damiah. Now, in this case, we contend no matter which approach this court takes, it will be shown that Watkins' 924C conviction cannot be sustained. Watkins, we know, was charged only with a Hobbs Act conspiracy and the 924 charge. Upon pleading guilty, Watkins did not admit to a single act of violence, nor was any act of violence charged. In the government's summary about the colloquia plea, the government did not mention a single act of violence that was committed by Watkins. While the government did say that guns were involved, the government acknowledged the guns were not brandished, nor were they pointed at anybody. They were just possessed. There was no actual robbery, only a conspiracy, an agreement to commit a robbery. Hence, from the very get-go, this case differs dramatically from Barrett, the Second Circuit case, Ovallis, the Eleventh Circuit case, and the recent First Circuit case of Douglas. The facts of all those three cases establish without any doubt that the Hobbs Act conspiracies charged to those defendants were the epitome of violence. In Barrett, a man was murdered. In Douglas, the victims were beaten by a crowbar, beaten bloody, by the way. And in Ovallis, a 10-year-old child was struck during the robbery, and there were other acts of violence that were encompassed in this particular charge. Hence, the court had before it vicious, substantive crimes underlying the predicate convictions or underlying the facts of the crimes charged. These cases depicted real-world conduct, as mentioned in DiMaia. Now, one admittedly would have to be blind to ignore the barbaric nature of the crimes in the Barrett, Ovallis, and in Douglas. Hence, we submit it was reasonable for the courts to base their interpretation of 924C on the actual conduct of the defendants rather than having to rely on the categorical approach and only address the conviction of the particular defendant involved. In other words, to only look at the elements of the crime charged. But most important, in all three cases, the defendants, let's say in Ovallis and Douglas, in their respective pleas admitted to every single act of violence attributed to them by the government. While in Barrett, a jury actually found the defendant guilty that he committed the murder that was encompassed in the Hobbs Act conspiracy. Are you saying that, but for this error, your client would not have entered a plea? Well, I don't think it matters whether he entered a plea or not here. He entered a plea, and we're addressing that particular plea, and there is nothing that indicates any violence in the plea. I mean, I think that that is kind of irrelevant to look at it. Your client would be interested in going to a jury, have a jury decide whether your client knew or anticipated that firearms would be used to rob an illegal poker game. Yes. Walk in and . . . how does it work otherwise? You walk in and you say to the people playing poker, give me your money, and they say . . . you have a gun. You say, no, I just want your money. But what Your Honor is doing, and this is what Damiah forbade, Your Honor is speculating as to what the future facts of this case would have been had the defendant not been arrested in the car before any robbery took place. In Damiah, it specifically states that when the crime is over, i.e., the arrest, your courts can't speculate as to what is going to happen or what has happened. That's the reason why you would use the categorical approach, and that's why the Damiah court found a problem with that. But this is a different situation as recognized in Judge Raji's opinion. I'm not disagreeing with you, but what I'm saying is that here, the charge itself enhances the penalty set forth in the indictment itself, which is the conspiracy to commit Hobbs Act robbery. Proof of the enhancer satisfies the enhancement itself. That's the point of Judge Raji's opinion, which is why you can use the specific facts to employ . . . which goes against Damiah, and some circuits think that. When you think about it, I don't think that makes any sense, because the jury is going to be told this is what he did, and then they'll be asked, I think prospectively, do you find that a firearm was likely to have been used? Right? Right. And are you saying that a jury could not find that a firearm likely would have been used had the robbery occurred, or that they can't even consider that a robbery would have occurred, even though he's being convicted of conspiracy to commit Hobbs Act robbery? Well, Your Honor, I think that's a totally different case. It depends upon what the allegations are in the indictment. If I'm the defense lawyer at that particular trial, I would surely object. You're saying on these facts he can't get the enhancement. He can't get the enhancement. As a matter of law. He can't get the enhancement on the categorical approach or the actual conduct approach. Okay. And if I could just mention, because I think this is sort of an interesting point, is that the government points out this Court's prior case in U.S. v. Hill, wherein the Court declared an actual Hobbs Act robbery to be a categorical crime of violence. And then the Court goes on. And, by the way, when the prosecutor in his main brief before Barrett was decided, stated and agreed that that would be, that it is a categorical crime here, and, therefore, it would undermine Barrett if you don't use the actual crime approach. However, once Barrett came down, and there is really just a sentence with no explanation that this Court said, well, since we're saying that a Hobbs Act robbery is a categorical crime of violence, then we're also going to say the conspiracy to commit a crime, a Hobbs Act robbery, is also a crime of violence. I don't think it matters one way or another, because it's still categorical crimes, and it's still a categorical crime would undermine the DiMaio holding. You've reserved a couple minutes' rebuttal. Pardon me? You've reserved a couple minutes' rebuttal. Yes. Should I get down? Sit down? You want me to sit down? I'll sit down. You can use it now if you like. What? You can use the time. No, no. Okay. All right. Super. Thank you. May it please the Court, Andre Spector for the United States. A conspiracy to commit a Hobbs Act robbery is a crime of violence under Section 924C. The United States v. Barrett so held in September, and that decision governs the outcome of this case, and it does so for two independent reasons. First, when the object of a conspiracy is a crime of violence, under the force clause, meaning that force necessarily or categorically is required to have been used to commit that crime, then the conspiracy creates a substantial risk that force would also be used. The object of the conspiracy in Barrett, just like it is here today, was a Hobbs Act robbery, and Barrett held that a conspiracy to commit a Hobbs Act robbery meant there was substantial risk that physical force would be used, and that's irrespective of the underlying facts. For this reason alone, the Barrett case governs the outcome of this. Can you discuss counsel's argument that it goes against the mandates of DiMaia? Yes, Your Honor. DiMaia did not address 924C, and there are a couple of reasons why that matters. When we're looking at 924C, that means, as Judge Wesley pointed out, that a jury would necessarily have to decide whether there's substantial risk that force would be used. So a judge is not making a decision, is not taking that decision away from a jury and not looking backwards. Sometimes in the ACCA context, we have to look backwards, you know, 10, 15, 20 years to see what the facts were in that case. We don't have to do that in the 924C context. That's why DiMaia is different, and Barrett explained the difference. The second reason that Barrett governs the outcome of this case is the interplay between the force clause and the residual clause. We ask whether there's a substantial risk in this particular case whether physical force would have been used. In this case, the answer is yes. These men, the five men, were on their way to rob a gambling establishment. They were armed, their guns were loaded, and the robbery didn't happen only because of the arrest. So there's no question there's a substantial risk that physical force would have been used. So using the underlying conduct approach that the panel held was appropriate in Barrett also governs the outcome of this case. So for those two reasons, the conviction should be affirmed. Unless Your Honor has any questions, I'm happy to rest on our submission. I have no questions. Thank you. Thank you. We'll hear rebuttal. Let me just point out, Your Honors, that since there is this severe conflict amongst the various circuits, there is probably little doubt that one of these cases will find its way to the Supreme Court to resolve. Barrett hasn't cleared the time period for the determination for the petition on rehearing. Are you suggesting that we hold off until, A, that occurs, and, B, whether there's an application for certiorari? Well, what I'm suggesting, and it's somewhat unusual, is that I think that rather than Barrett, and I know that Your Honors will follow through, I think that this case is probably the best case of all the cases in the circuit to go up to the Supreme Court to resolve the pertinent issues. And I know that I'm somewhat behind the other cases, but I think that at least in this circuit, if we can somehow manage to get these two cases together, I think it would serve justice and clarity with respect to the area of DiMaia. Give us some guidance. Pardon me? Give us some guidance, what you suggest. Give the courts guidance. Well, Your Honor has the guidance to hold cases in abeyance, you know, pending, you know, that they know another case is coming up. And if this court finds this case, you know, somewhat compelling, which I think I do in the context of Barrett, that it isn't a Barrett case. What we can't do is tell the Supreme Court which case to take. No, no, no. But if we go up together, then we have a chance to do it. But if Barrett goes up or Vallis goes up or Douglas goes up, where the facts are really, you know, stark. And I would just mention the last thing I would say is what the prosecutor did in presenting his argument is exactly what DiMaia forbade. He said, it's what if. What if there's a substantial risk? What if they went in? What if they used their guns? What if they used violence? DiMaia said, no, you have to prove it. You have to show it. And this case does not show it. The government could have interjected at the plea proceedings that they wanted certain allegations used. They didn't. That is the way the case is. That's the lay of the land. And I would ask this court to please, if it's possible, maybe I'll succeed and I won't have to go with Barrett. But in any event, we ask that the conviction be vacated. Thank you. Thank you both. We'll reserve decision.